BARTON, KLUGMAN & OETTING LLP
Terry L. Higham, APLC (SBN 150726)
Ronald R. St. John (SBN 101397)
Christopher D. Higashi, APC (SBN 168667)
350 South Grand Avenue, Suite 2200
Los Angeles, CA 90071-3454
Telephone:  213-621-4000
Facsimile:  213-625-1832
E-mail:    t.higham@bkolaw.com
           rstjohn@bkolaw.com
           chigashi@bkolaw.com

Attorneys for Defendant
SHAWCOR PIPE PROTECTION LLC,
erroneously sued herein collectively as SHAWCOR PIPELINE PROTECTION LLC, SHAWCOR PIPE PROTECTION LLC, and SHAWCOR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW NUGENT-GOMEZ, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHAWCOR PIPELINE PROTECTION, LLC, an unknown business entity; SHAWCOR PIPE PROTECTION LLC, an unknown business entity; SHAWCOR, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:20-cv-00356<br><br>**REMOVAL PETITION AND NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER THE CLASS ACTION FAIRNESS ACT**<br><br>**(28 U.S.C. §§ 1332(d)(2)(A), 1453, 1441(b), AND 1446)**<br><br>(Removed from the Superior Court of the State of California, County of San Bernardino Case No. CIVDS2001526)<br><br>Action served:    January 24, 2020<br>Action removed:  February 21, 2020 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant ShawCor Pipe Protection LLC, a Delaware limited liability company ("ShawCor") erroneously sued herein collectively as SHAWCOR PIPELINE PROTECTION LLC, SHAWCOR PIPE PROTECTION LLC, and SHAWCOR, removes this action from the Superior Court of the State of California for the County of San Bernardino to the United

States District Court for the Central District of California on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d)(2)(A) and pursuant to 28 U.S.C. §§ 1453, 1441(b) and 1446. Underpinning this removal is the point that this action involves more than 100 potential class members and the amount in controversy is in excess of $5 million.

In support of this Removal and to be clear, ShawCor does not agree that Plaintiff can or will establish any liability under any of their legal theories, that Plaintiff's putative class is susceptible of certification, or that Plaintiff or the putative class has suffered damages. Supporting the removal, counsel provides an analysis that takes Plaintiff's allegations as true, and assumes the claims will survive a motion to dismiss, merely for purposes of establishing this Court's jurisdiction under CAFA.

ShawCor states as follows:[1]

1. The *Nugent-Gomez* suit was filed on January 16, 2020. A true and correct copy of the Complaint is attached hereto as Exhibit 1. Plaintiff served ShawCor with the Summons and Complaint on January 24, 2020. A true and correct copy of the Summons is attached hereto as Exhibit 2. ShawCor was also served with a Certificate of Assignment. A true and correct copy of which is attached hereto as Exhibit 3. On or about January 24, 2020, the San Bernardino County Superior Court entered an Initial Case Management Conference Order. A true and correct copy of which is attached hereto as Exhibit 4. On or about January 24, 2020, the San Bernardino County Superior Court also entered a correspondence coversheet, generated to mail an initial complex case order and guidelines to

---

[1] A removal petition such as the instant pleading must, by rule, be a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). ShawCor reserves its right to submit further evidence in support of their factual allegations in response to any challenge to removal and federal jurisdiction in this matter. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (recognizing that the removal statute "tracks the general pleading requirement stated in Rule 8(a) and requiring evidence in support of removal "only when the plaintiff contests, or the court questions, the defendant's allegation").

REMOVAL PETITION AND NOTICE OF REMOVAL OF ACTION

counsel of record. A true and correct copy of which is attached hereto as Exhibit 5. These exhibits comprise copies of all process, pleadings, and orders received by ShawCor in the *Nugent-Gomez* suit.

2. ShawCor is the sole real party defendant-in-interest in a civil action brought in the Superior Court of the State of California for the County of San Bernardino, entitled: *Andrew Nugent-Gomez v. Shawcor Pipeline Protection LLC, et al.*, bearing case number CIVDS2001526.

3. ShawCor, incorporated in Delaware in 2002, has its principal place of business in Houston, Texas. Request No. 3, Request for Judicial Notice in Support of Removal. *See also* Exhibit BB, Request for Judicial Notice in Support of Removal.

4. The California Secretary of State's records for business entities disclose that the only entity registered to conduct business in California using the name "SHAWCOR" is defendant ShawCor Pipe Protection LLC. *See* Request No. 5, Request for Judicial Notice in support of Removal. *See also* Exhibit DD, Request for Judicial Notice in Support of Removal. "SHAWCOR," is a federally protected trademark. Request No. 4, Request for Judicial Notice in support of Removal. *See also* Exhibit CC, Request for Judicial Notice filed in Support of Removal.

5. Plaintiff Andrew Nugent-Gomez is domiciled in California, having continuously resided in and employed in San Bernardino County, California, since 2012. *See* Declaration of Jayna Jefferson ("Jefferson Decl."), in Support of Removal at ¶ 6. *See also* Exhibit A, Jefferson Decl. *See also* 1 Schwarer, J., Tashima, J., & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, 2:1225, p. 2C-13 (2019 Thomson Reuters/The Rutter Group)(length of employment and length of residency are objective factors in determining domicile). Plaintiff worked for ShawCor as a General Laborer at ShawCor's Fontana California facility, earning $14.00 per hour. Jefferson Decl., at ¶ 6.

Plaintiff seeks to represent a class consisting of:

> "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."

Compl. ¶ 15. Plaintiff reserved the right to establish subclasses as appropriate. Compl. ¶ 16.

6.  Plaintiff's Complaint alleges that ShawCor failed to pay Plaintiff and all putative class members all wages due, including all overtime; that ShawCor failed to provide Plaintiff and all putative class members with duty-free meal and rest periods; that ShawCor failed to timely pay Plaintiff and all putative class members all wages due and owing during employment and upon termination; that ShawCor failed to provide Plaintiff and all putative class members with accurate wage statements as required under the California Labor Code and Industrial Welfare Commission Wage Orders; that ShawCor failed to maintain required payroll records; and that ShawCor, by way of this conduct, engaged in unfair business practices in violation of Business & Professions Code section 17200 *et seq*. *See, e.g.*, Compl. ¶¶ 49-119.

7.  On behalf of this putative class, Plaintiff asserts 10 causes of action, and his Prayer For Relief seeks, among other things, "unpaid wages at overtime wage rates"; penalties for allegedly missed meal and rest periods; penalties for the alleged failure to pay wages and overtime, provision of accurate wage statements, maintenance of accurate records, and reimbursement for business-related expenses; waiting time penalties; attorney's fees, pre-judgment interest; and "restitution of unpaid wages." Compl. pp. 24-27.

8.  Plaintiff also seeks the appointment of a receiver for ShawCor and "injunctive relief to ensure compliance with [section 17200]." Compl. p. 27.

9.  Diversity jurisdiction exists under CAFA, Pub. L. No. 109-2, 119 Stat.

4 (codified in various sections of 28 U.S.C.), because (a) this litigation is brought as a "class action," as that term is defined in CAFA, (b) the "minimal diversity" of citizenship required by CAFA is satisfied, (c) the amount in controversy exceeds $5 million in the aggregate, (d) there are at least 100 class members, (e) this Notice was timely filed, and (f) no exceptions to CAFA apply.

**THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

10. CAFA confers original federal court jurisdiction over class actions when there is "minimal diversity" between the parties and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). CAFA fundamentally changed the legal standard governing diversity removal jurisdiction in order to protect defendants against perceived abuses of the class action device in state courts. To that end, Congress stated that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court," and that district courts should "err in favor of exercising jurisdiction." S. Rep. No. 109-14, at 42-43 (2005).

   a. **Class Action**. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by [one] or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that he has commenced this suit as a "class action . . . brought pursuant to California Code of Civil Procedure section 382." Compl. ¶ 1. He seeks to "be appointed as representative of the Class." Compl. p. 22.

   Using Plaintiff's description of the putative class, CAFA's potential class size requirement is satisfied. During 2019, for example, at least 115 individuals worked in hourly, non-exempt positions at ShawCor's Fontana California facility. Jefferson Decl. at ¶ 7. During 2018, at least 254 individuals worked in hourly, non-exempt positions at ShawCor's Fontana California facility. *See id.* During 2017, at least 104 individuals worked in hourly, non-exempt positions at

ShawCor's Fontana California facility. *See id.* During 2016, at least 61 individuals worked in hourly, non-exempt positions at ShawCor's Fontana California facility. Thus, the "class action" requirement of CAFA is therefore fully satisfied.

      **b. <u>Diversity of Citizenship.</u>** At the time this action was filed, and as of the date of this Notice, the named Plaintiff was and is a California domiciliary. *See* Compl. ¶ 5. Plaintiff has continuously resided in, and has continuously been employed in San Bernardino County, since at least 2012. *See* Request No. 2, Request for Judicial Notice in Support of Removal. Plaintiff worked in ShawCor's Fontana California facility during 2018. Compl. ¶ 19. Upon information and belief, Plaintiff is a citizen of California. *See*, *e.g.*, *Horowitz v. Fed. Kemper Life Assurance Co.*, 861 F. Supp. 1252, 1256 (E.D. Pa. 1994), *modified on other grounds*, 57 F.3d 300 (3d Cir. 1995) (holding "[a]llegations of a party's residence are prima facie evidence of that party's citizenship" for diversity purposes and establish a rebuttable presumption of citizenship). Furthermore, the class Plaintiff seeks to represent includes "persons who have been employed by Defendant in the State of California." *Id.* ¶ 14.

      Under CAFA, a business entity such as a limited liability company is "deemed to be a citizen of the state where [the LLC] has its principal place of business and the State under whose laws it was organized." 28 U.S.C. § 1332(d)(10); *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir.2006) (stating that CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members." (citations and internal quotations omitted)); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010) ("a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. §

1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business").

ShawCor is a limited liability company organized under the laws of Delaware. Exhibit BB, Request No. 2, Request for Judicial Notice in Support of Removal. *See also* Jefferson Decl., ¶¶ 2-3. Its principal place of business is in Houston, Texas. Exhibit BB, Request No. 2, Request for Judicial Notice in Support of Removal. *See also* Jefferson Decl., ¶¶ 2-3 (describing ShawCor's nationwide business and its top level officers and management who direct the business primarily from Texas). *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (" 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

Thus, at least one member of the putative class is a California citizen, while ShawCor is a citizen of Delaware and Texas.[2] The "minimal diversity" requirement of 28 U.S.C. § 1332(d)(2)(A) is therefore met.

**c. Amount in Controversy.** Because the Complaint does not specify what amount of damages Plaintiff seeks, ShawCor must show only that it is more likely than not that the amount in controversy exceeds $5 million. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). For the purposes of evaluating the amount in controversy, courts must take the allegations of a complaint as true. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Accepting Plaintiff's allegations as true, it cannot be seriously contended that less than $5 million is at stake in this case. Indeed, as set forth below, just three of Plaintiff's ten causes of action establish that the amount in controversy exceeds $5 million prior to any calculation of damages sought for the other seven causes of action, the costs of the requested injunctive relief, or attorneys' fees which are otherwise recoverable to the potential

---

[2]  Although Plaintiff allege upon unsupported "information and belief" that ShawCor "is a citizen of California," as set forth above, Shawcor is not a citizen of California.

class of 534 current and former workers. *Fritsch v. Swift Transport Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Demonstrative of this point ShawCor submits Table 1:

**Table 1**

| **Claim** | **Statutory Penalty** | **Aggregate Amount** |
|---|---|---|
| **Fourth Claim**: Failure to pay minimum wage. | The penalty is $100 for the first pay period violation per employee and then correspondingly, $250 for each subsequent pay period violation. | $3,390,900.00 |
| **Fifth Claim**: Failure to timely pay all sums due and owing at the time of termination. | "Waiting Time" penalties are awardable up to and including an extra 30 days of pay per employee. | $1,407,840.00 |
| **Seventh Claim**: Inaccurate Wage Statements. | $50 per initial violation per employee and $100 per subsequent violation per employee. | $1,358,650.00 |
| | **Total**: | $6,157,390.00 |

*Minimum Wage Penalties*

Plaintiff's minimum wage penalty claim alone places at least $3,390,900.00 in controversy. In support of their fourth cause of action, Plaintiff alleges ShawCor "knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked." Compl. ¶ 32. In addition to seeking to recover an unspecified amount of allegedly unpaid "minimum wage compensation," the Complaint alleges that, "[p]ursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages." Compl. ¶ 82.

Without waiving any defense to the merits of Plaintiff's claims, or any objection to any evidence and accepting as true Plaintiff's allegation that ShawCor "failed to pay Plaintiff and the putative class members at least minimum wages for all hours worked" (Compl. ¶ 41), and assuming that each worked 1 hour overtime ("OT") per week, then for the 26 pay periods[3] for each year of the potential class, Plaintiff has placed in issue penalties totaling $3,390,900.00. These penalty calculations are as follows: (115 [2019 employees] x 1 pay period x $100 per initial violation) + (115 [2019 employees] x 25 pay periods x $250 per subsequent violation)] + [(254 [2018 employees] x 1 pay period x $100 per initial violation) + (254 [2018 employees] x 25 pay periods x $250 per subsequent violation)] + [(104 [2017 employees] x 1 pay period x $100 per initial violation) + (104 [2017 employees] x 25 pay periods x $250 per subsequent violation)] + [(61 [2016 employees] x 1 pay period x $100 per initial violation) + (61 [2016 employees] x 25 pay periods x $250 per subsequent violation) = $3,390,900.00.

*Waiting Time Penalties*

Plaintiff's "waiting time" penalty claim alone places at least $1,407,840.00 in controversy. In his fifth cause of action, Plaintiff seeks 30 days of waiting time penalties at the daily rate of pay of each member of the putative class who has been terminated. Compl., ¶¶ 84-89. These alleged penalties must be counted in determining the amount-in-controversy. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005). A "penalty" amount is "calculated by multiplying the number of former employees in the proposed class by thirty days' wages," while, in turn, "thirty days' wages can be calculated by multiplying the average number of hours worked by the average rate of pay." *Id.*

Without waiving any defense to the merits of Plaintiff's claims, or any objection to any evidence and accepting as true Plaintiff's allegation that ShawCor

---

[3] Section 1197.1 provides penalties for each "pay period."

failed to pay all sums due and owing at the time of termination, Plaintiff seeks waiting-time penalties for the "Plaintiff and the other Class Members who are no longer employed by Defendants." Compl., ¶¶ 87-88. There are at least 419 non-exempt employees who worked in California during the alleged class period and who "are no longer employed" by ShawCor. This number constitutes those non-exempt California employees who separated from ShawCor after January 16, 2016[4] but before January 16, 2020[5] Jefferson Decl., ¶ 8. These individuals were full-time employees who worked 40-hour workweeks. Compl., ¶ 26 (alleging that "Plaintiff and the other class members worked over eight (8) hours in a day, and/or over forty (40) hours in a week during their employment with Defendants."). Using Plaintiff's hourly wage of $14.00 per hour as the average hourly wage paid during the class period, Plaintiff has thus placed in issue "waiting time" penalties totaling $1,407,840.00. These penalty calculations are as follows: 419 former employees x $14 per hour x 8 hours x 30 days = $1,407,840.00.

*Wage Statement Penalties*

Plaintiff's "wage statement" penalty claim places at least $1,358,650.00 in controversy. In their seventh cause of action, Plaintiff seeks penalties for an alleged failure to provide accurate wage statements. Compl. ¶¶ 96-102. The Complaint contends that "Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages . . . or an aggregate

---

[4] For the purposes of this claim, ShawCor identified non-exempt employees who were terminated in the three years before the complaint was filed because waiting-time penalties are subject to a three-year statute of limitations and § 203 penalties are not recoverable under California Business and Professions Code § 17200. *Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1389, 1401 (2010).

[5] Because waiting-time penalties are due for each day an employee is not paid after his or her termination, but are capped at 30 days (Compl. ¶ 89; Labor Code § 203), to simplify the calculation here, ShawCor has only counted employees who were terminated prior to the complaint being filed which was over 30 days before this Notice was filed. Thus, all 419 former employees identified above would, under Plaintiff's' theory, be eligible for the maximum penalty of 30 days of wages at their "daily rate."

penalty not exceeding four thousand dollars per employee." Compl. ¶ 101. For a violation of section 226, the statute provides for a penalty of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period." Cal. Lab. Code § 226(e)(1). This is up to an aggregate of four thousand dollars per employee.

Without waiving any defense to the merits of Plaintiff's claims, or any objection to any evidence and accepting as true Plaintiff's allegation that ShawCor failed to provide accurate wage statements to its current and former employees, and to simplify the calculations, ShawCor identified 534 potentially affected current and former employees. Because these workers were paid bi-weekly, they received 26 wage statements. *Id*. Accepting Plaintiff's allegation that ShawCor "failed to provide complete or accurate wage statements to Plaintiff and the other class members" "[a]t all material times" (Compl. ¶ 46), Plaintiff has placed in issue penalties totaling 1,358,650.00. These penalty calculations are as follows: (115 [2019 employees] x 1 pay period x $50 per initial violation) + (115 [2019 employees] x 25 pay subsequent periods x $100 per violation) + [(254 [2018 employees] x 1 pay period x $50 per initial violation) + (254 [2018 employees] x 25 pay subsequent periods x $100 per violation) + [(104 [2017 employees] x 1 pay period x $50 per initial violation) + (104 [2017 employees] x 25 pay subsequent periods x $100 per violation) + [(61 [2016 employees] x 1 pay period x $50 per initial violation) + (61 [2016 employees] x 25 pay subsequent periods x $100 per violation) = $1,358,650.00.

***Other Claim Amounts***

In addition to the above amounts, Plaintiff also seeks, among other things:

1) The first claim appears to seek a recovery of at least $583,128.00. This claim seeks payment for allegedly unpaid overtime ("OT"), as Plaintiff contends that ShawCor failed to pay "overtime wages owed to Plaintiff and the other class members." Compl. ¶¶ 34, 55.

Even assuming a *single* unpaid hour of OT per week for each employee, using the class average hourly rate of $14.00,[6] this would place $583,128.00 in controversy with respect to the 534 individuals employed during the class period. The OT projections are calculated as follows: (115 [2019 employees] x $21 OT wage x 1 day each week x 52 weeks) + (254 [2018 employees] x $21 OT wage x 1 day each week x 52 weeks) + (104 [2017 employees] x $21 OT wage x 1 day each week x 52 weeks) + (61 [2016 employees] x $21 OT wage x 1 day each week x 52 weeks) = $583,128.00

2) The second claim appears to seek a recovery of at least $388,752.00. The second seeks recovery of penalties for allegedly missed meal periods in the amount of "one additional hour of pay at the employee's regular rate of compensation for each work day that [a] meal . . . period is not provided." Compl. ¶ 70. Using the average hourly rate of $14.00, assuming just *one* missed meal period per week, and again considering the 534 potential class members, this places at least $388,752.00 in controversy. The meal period premium pay projections are calculated as follows: (115 [2019 employees] x 1 day each week x $14 per hour x 52 weeks) + (254 [2018 employees] x 1 day each week $14 per hour x 52 weeks) + (104 [2017 employees] x 1 day each week $14 per hour x 52 weeks) + (61 [2016 employees] x 1 day each week $14 per hour x 52 weeks) = $388,752.00.)

3) The third claim appears to seek a recovery of at least $388,752.00. For the third cause of action, the payment of penalties for allegedly

---

[6] The average hourly rate for the class is $14 per hour, is Plaintiff's hourly rate. (*See e.g.,* Jefferson Decl., ¶ 6.)

missed rest periods of "one additional hour of pay at the employee's regular hourly rate of compensation for each work day that [a] rest period was not provided," Compl. ¶ 75. Using the average hourly rate of $14.00, assuming just *one* missed rest period per week, and again considering just the 534 potential class members, this places at least another $388,752.00 in controversy. The rest period premium pay projections are calculated as follows: (115 [2019 employees] x 1 day each week x $14 per hour x 52 weeks) + (254 [2018 employees] x 1 day each week $14 per hour x 52 weeks) + (104 [2017 employees] x 1 day each week $14 per hour x 52 weeks) + (61 [2016 employees] x 1 day each week $14 per hour x 52 weeks) = $388,752.00.)

4) For the sixth cause of action, payment of penalties for the alleged failure to pay wages "within any time period permissible" under the Labor Code in an unspecified amount as well as other unspecified amounts of damages. Compl. ¶ 94.

5) For the eighth cause of action, payment of penalties for failing to maintain certain "payroll records," including, among other amounts, statutory penalties pursuant to section 1174.5 of the Labor Code. Compl., p. 26.

6) For the ninth cause of action, payment of actual damages and unspecified penalties for the alleged failure to provide reimbursement for business related expenses.

7) For the tenth cause of action, unspecified restitution, the appointment of a receiver, and injunctive relief.

With respect to their various causes of actions, Plaintiff also seeks various unspecified "actual" damages, prejudgment interest, and an award of attorneys' fees and costs.

In determining the amount in controversy under CAFA, courts look at the *aggregate* value[7] of damages, including attorneys' fees, and the costs to a defendant of complying with injunctive relief.  *See Guglielmino*, 506 F.3d at 700-701.  *See also Fritsch v. Swift Transport Co. of Arizona, LLC*, 899 F.3d 785 (2018).  As the Ninth Circuit taught in *Swift* the $5 million threshold can include compensatory damages, the costs of complying with an injunction, and the attorneys' fees recoverable under either a statute or a contract.  *Fritsch*, 899 F.3d at 793.  Even without including these amounts, or the amounts of allegedly withheld wages or overtime, or even the entire amount of penalties sought by Plaintiff, CAFA's jurisdictional minimum is plainly met here by the Fourth, Fifth and Seventh Causes of Action, which even when limited to a subset of the alleged class, place more than $6,157,390.00 in controversy.[8]  *Cf. Rippee*, 408 F. Supp. 2d at 985 (in a CAFA case, courts "focused on Plaintiff's 'big ticket' claims" including "'waiting time penalty' claims . . . for purposes of analyzing the amount in controversy").

       d. <u>Number of Proposed Class Members</u>.  Plaintiff alleges that "the class is estimated to be greater than fifty (50) individuals."  Compl. ¶ 17(a).  In fact, ShawCor identified a total potential of 534 current and former non-exempt employees, who worked at its Fontana California facility during the four years prior to the filing of the complaint in this matter.  Jefferson Decl., ¶ 7.  This satisfies the requirement of 28 U.S.C. § 1332(d)(5) that the proposed class include at least 100 persons.

---

[7] Under CAFA, the $5 million jurisdictional minimum "***shall***" be based on an aggregation of the claims of all potential class members.  28 U.S.C. § 1332(d)(6) (emphasis added).  By contrast, in diversity jurisdiction cases unaffected by CAFA, separate and distinct claims by class members generally cannot be aggregated for jurisdictional purposes. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 943-44 (9th Cir. 2001).

[8] While the amount in controversy well exceeds the requisite amount even before considering the additional amounts, but ShawCor reserves the right to assert such fees as part of the amount in controversy if necessary to oppose a motion for remand.

e. <u>Timeliness</u>.  On January 24, 2020, Plaintiff served ShawCor with the Summons and Complaint.  *See* Exhibit 2 (Summons).  The date thirty days from service of the Complaint is Sunday, February 23, 2020.  As this Notice is being filed on Friday, February 21, 2020, it is timely under 28 U.S.C. 1446(b).  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding 30-day period for removal under 28 U.S.C. § 1446(b) does not begin to run until service is effected).  Separately, because the Complaint was ambiguous as to the total damages sought, it did not put Defendant on notice as to the amount-in-controversy or that the case was removable.  *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123, 1125 (9th Cir. 2013) (when a complaint is "'indeterminate' with respect to removability," defendant "may remove to federal court when it discovers, based on its own investigation, that a case is removable.").  Therefore, this notice of removal is timely.

f. <u>CAFA's Exceptions Do Not Apply</u>.  Plaintiff cannot meet his burden to establish that any jurisdictional exception under CAFA applies.[9]  As established in Section (b) above, ShawCor is a citizen of Delaware and Texas and therefore no defendant is a "citizen[] of the State in which the action was originally filed," as required for each exception to CAFA removal under 28 U.S.C. §§ 1332(d) (3) and (4).  Nor does this action involve a claim (1) concerning a covered security, (2) relating to the internal affairs or governance of a corporation or business enterprise that arises under or by virtue of the laws of the State in which the corporation or business enterprise is incorporated or organized (the so-called "Delaware carve-out" exception), or (3) concerning the rights, duties, and obligations relating to any security.

/ / /

---

[9] The party opposing removal to federal court "bears the burden of proving the applicability of any express statutory exception" under CAFA. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008), *citing Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007).

15
REMOVAL PETITION AND NOTICE OF REMOVAL OF ACTION

**OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

11.  Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California embraces the County of San Bernardino.

12.  Defendant has complied with 28 U.S.C. §§ 1446(a) and (d). Under 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, or orders served on ShawCor Pipe Protection LLC are attached as Exhibits 1 through 5 to this Notice. In compliance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of this Notice of Removal attached, is being filed with the Clerk of the Superior Court of the State of California, County of San Bernardino, bearing Case No. CIVDS2001526. ShawCor is serving a Notice of Filing of Removal, with a copy of the Notice of Removal attached, on Plaintiff's counsel. A Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court will also be filed with this Court.

13.  Defendant is represented by the undersigned counsel that certify, under Rule 11 of the Federal Rules of Civil Procedure, that the positions taken herein are to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances.

**CONCLUSION**

Because this litigation presents a putative class action involving more than 100 class members in which the amount in controversy exceeds, in the aggregate, the sum of $5 million, and because at least one member of the class is a citizen of a state different from ShawCor, this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A). ShawCor therefore respectfully requests that Plaintiff's state court action be removed to this Court for determination and that all further proceedings in the state court suit be stayed.

/ / /

/ / /

1  By this Notice, ShawCor does not waive any objections it may have to
2  improper service, jurisdiction, or venue, or any other defenses or objections it may
3  possess to the matters presented within Plaintiff's Complaint.

5  DATED:  February 21, 2020          BARTON, KLUGMAN & OETTING LLP

By:  /s/ *Terry L. Higham*
     Terry L. Higham, APLC
     Ronald R. St. John
     Christopher D. Higashi, APC
     Attorneys for Defendant
     SHAWCOR PIPE PROTECTION LLC,
     erroneously sued herein collectively as
     SHAWCOR PIPELINE PROTECTION
     LLC, SHAWCOR PIPE PROTECTION
     LLC, and SHAWCOR

BARTON, KLUGMAN & OETTING LLP
350 SOUTH GRAND AVENUE, SUITE 2200
LOS ANGELES, CALIFORNIA 90071-3454
TELEPHONE (213) 621-4000

17
REMOVAL PETITION AND NOTICE OF REMOVAL OF ACTION